VILLAGE OF DEARBORN *v.* DETROIT, YPSILANTI, ANN
ARBOR & JACKSON RAILWAY.

Street Railways—Ordinances—Street Crossings.

Section 4 of a street-railway ordinance provided that the
grantee should construct and maintain public and private
crossings by planking the space between the rails, and plac-
ing two planks outside each rail, eight inches wide and four
inches thick. Section 8 provided that the grantee should
maintain plank crossings at all cross roads and private cross-
ings. *Held*, that, as section 4 did not specify the particular
crossings to be planked, the provisions of section 8 were added
for that purpose, and not to require the railway company to
build street crossings to the sidewalk lines.

*Certiorari* to Wayne; Brooke, J. Submitted April
24, 1902. (Docket No. 133.) Decided June 3, 1902.

*Mandamus* by the village of Dearborn to compel the
Detroit, Ypsilanti, Ann Arbor & Jackson Railway to con-
struct and maintain certain street crossings. From an
order granting the writ, respondent brings *certiorari*.
Reversed.

*Alfred Rice* (*J. Emmet Sullivan*, of counsel), for re-
lator.

*Thomas T. Leete, Jr.*, for respondent.

Montgomery, J. This is *certiorari* to review the de-
cision of the circuit judge granting a *mandamus*. The
question involved is whether the ordinance under which
respondent occupies Michigan avenue, in the village of
Dearborn, requires the respondent to construct street cross-
ings from sidewalk line to sidewalk line, or whether it is
satisfied by the construction of a crossing of respondent's
tracks. Two provisions of the ordinance bear upon the
question. Section 4, after providing that from Military

avenue easterly to the village limits the track should be laid in the center of Michigan avenue, and that the space between the rails should be planked, and that two planks should be placed outside the rail, eight inches wide and four inches thick, further provides:

"It is also further provided, between the points of Military avenue and the *westerly* limits of said village, that the said grantee, its successors and assigns, shall at all times construct and maintain public and private crossings, constructed in the same manner as is herein provided for planking laid on the said grantee's railway track between the points at the corner of Military avenue and Michigan avenue and the *easterly* limits of the said village of Dearborn."

Section 8 provides:

"The said grantee, its successors and assigns, shall have the right to construct and maintain all necessary bridges and culverts along the line of said railway, or use, where feasible, the bridges and culverts now existing, and shall maintain pine plank crossings at all cross and intersecting roads and highways, and shall also build and maintain private pine plank crossings where such crossings now exist, or may be in the future reasonable or necessary."

It is altogether clear that, if the provisions of section 4 measure the respondent's duty in the premises, a cross-walk from sidewalk line to sidewalk line was not contemplated, and cannot be required. The circuit judge was of the opinion, however, that the obligation of the company was enlarged by section 8, and that the provisions of that section, so far as they relate to crossings, are meaningless, unless some further requirement than that named in section 4 was intended. We do not find this difficulty. A reference to section 4 shows that the particular crossings required are not specified. The provisions of section 8 were apparently intended to make more certain the requirements imposed by section 4, namely, by requiring crossings at all cross roads, and private crossings where they now exist, or may in the future become reasonably necessary. We are all agreed that the character of the crossing required is fixed by section 4.

It follows that the order of the circuit judge must be reversed, and the application denied, with costs of both courts.

HOOKER, C. J., MOORE and GRANT, JJ.; concurred. LONG, J., did not sit.